IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JESSE MANUEL SKINNER,                                                                    PETITIONER
# 35713-019

v.                                                                     CIVIL ACTION NO. 1:17cv335-HSO-JCG

UNITED STATES DEPARTMENT OF
JUSTICE and WARDEN J. SALAZAR                    RESPONDENTS

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This case is before the Court sua sponte, for consideration of dismissal. Pro se Petitioner Jesse Manuel Skinner is incarcerated with the Bureau of Prisons ("BOP"), and he brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his convictions. The Court has considered and liberally construed the pleadings, and finds that this case should be dismissed.

I.    **BACKGROUND**

Skinner is incarcerated at the Federal Correctional Institute in Herlong, California. Skinner was convicted in this Court of possession of ecstasy and LSD with intent to distribute, possession of pseudoephedrine for manufacturing methamphetamine, conspiracies to manufacture methamphetamine and to import ecstasy and LSD, two counts of assault on federal law enforcement officers, receiving and possessing an unregistered destructive device, and making false statements to a licensed firearms dealer. *United States v. Skinner*, 1:02cv93-DCB (S.D. Miss. Feb. 17, 2004) (Judgment). For this Skinner was sentenced on January

14, 2004, to a total term of imprisonment of forty-five years in the custody of the BOP.  *Id.*  The Fifth Circuit Court of Appeals affirmed Skinner's conviction and sentence, (Pet. at 2), and the Supreme Court denied certiorari on October 31, 2005.

For the next twelve years, a series of motions and civil actions ensued, some of which are detailed below.  On October 27, 2006, Skinner filed his first Motion to Vacate, pursuant to 28 U.S.C. § 2255.  *Id.*  The Court denied the motion on July 14, 2009.  *Id.*  The Fifth Circuit denied a Certificate of Appealability.  *United States v. Skinner*, 09-60698 (5th Cir. Aug. 9, 2010).  The Supreme Court once again denied certiorari.  *Skinner v. United States*, 562 U.S. 1193 (2011).  Skinner then moved for leave to file a second motion to vacate, which the Fifth Circuit denied on August 31, 2011.  *In re: Skinner*, 11-60478 (5th Cir. Aug. 31, 2011).

One month later Skinner filed a motion in the trial court, which he styled as a "Motion 60(b)."  *United States v. Skinner*, 1:02cr93-DCB (S.D. Miss. Sept. 30, 2011).  The Court denied this motion as a successive § 2255 petition, and warned Skinner that "[a]ny attempt to circumvent" the requirement that he must first obtain permission from the Fifth Circuit to file a successive § 2255 petition "in the future will be summarily dismissed as the Court has devoted considerable resources to Petitioner's cause."  *United States v. Skinner*, 1:02cr93-DCB, 2012 WL 718870 at *3 (S.D. Miss. Mar. 5, 2012).  The Fifth Circuit again denied a Certificate of Appealability.  *United States v. Skinner*, 12-60229 (5th Cir. Aug. 31, 2012).

Skinner filed a third Motion to Vacate on June 9, 2014.  *United States v.*

2

*Skinner*, 1:02cr93-DCB, 2015 WL 461663 at *1 (S.D. Miss. Feb. 4, 2015). The Court denied this motion, both as successive and on the merits. *Id.* at *1-2.

Next, Skinner filed a motion to reduce his sentence pursuant to a retroactive amendment in the Sentencing Guidelines. *United States v. Skinner*, 1:02cr93-DCB (S.D. Miss. Jul. 6, 2015). This motion was granted on December 14, 2015, and the Court reduced Skinner's sentence to a total of thirty-five years. *United States v. Skinner*, 1:02cr93-DCB (S.D. Miss. Dec. 14, 2015).

On June 12, 2017, Skinner filed, in his criminal case, a pleading styled "Motion to Dismiss this Instance the [sic] Indictment Filed 12/17/2002 for its Failure to State with Specificity the Federal Location Where the Crimes Were Allegedly Committed Pursuant to Federal Rules of Criminal Procedure 12(b)(2) and (3)(B)(iii) Which Deprives the District Court Jurisdiction [sic] Over the Subject Matter at Issue." *United States v. Skinner*, 1:02cr93-DCB (S.D. Miss. Jun. 12, 2017). This motion remains pending.

Next, on July 11, 2017, Skinner filed, in the Northern Division of this Court, his first Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. *Skinner v. Nash*, 3:17cv550-WHB-LRA (S.D. Miss. Aug. 30, 2017). At the time, Skinner was incarcerated in the Northern Division, at the Federal Correctional Center in Yazoo City, Mississippi. *Id.* at 1. Skinner argued that the Court had no jurisdiction to convict him because: (1) he is a sovereign citizen, who was arrested and committed the crimes on his private property in Harrison County, Mississippi,

which he contends is outside the territorial jurisdiction of the United States; (2) the search and arrest warrants were illegal; (3) the criminal complaint was not filed by a federal officer; (4) the indictment failed to show the crimes occurred at a federal location; and (5) the officers Skinner assaulted were not federal officers. *Id.* at 3-4. The Court dismissed that case, holding the claims were not properly brought under § 2241 because Skinner had failed to satisfy § 2255's savings clause, and that even if construed as a successive § 2255 petition, the case was both duplicative and without the proper authorization to proceed. *Id.* at 5. Skinner appealed this dismissal to the Fifth Circuit, where the case remains pending in *Skinner v. Nash*, appeal number 17-60700.

The present case before the Court constitutes Skinner's second § 2241 Petition. It was filed on December 1, 2017, and Skinner has paid the filing fee. The current § 2241 Petition is nearly identical to the first one, as Skinner again argues that the Court lacked jurisdiction to convict him for many of the same reasons set forth in his previous § 2241 Petition.[1] Skinner specifically invokes § 2241, arguing, as with the prior petition, that § 2255 "may have been inadequate" to test the legality of his detention. (Pet. at 1-2). One key difference between the instant case and Skinner's prior § 2241 Petition is that Skinner is no longer incarcerated within the Southern District of Mississippi. Petitioner seeks release

---

[1] What Skinner omits from the present Petition is his challenge to whether the officers he injured were in fact federal agents.

4

and exoneration.

## II. DISCUSSION

Pursuant to § 2241 a petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). By contrast, a motion filed pursuant to § 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002).

Only a district court in the district where the prisoner is incarcerated may entertain a § 2241 petition, even when the petitioner challenges the validity of his sentence. *Lee v. Wetzel*, 244 F.3d 370, 375 n.4 (5th Cir. 2001); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

Skinner proceeds under § 2241 to challenge his convictions on grounds that § 2255 does not afford him an adequate remedy. However, Skinner is presently incarcerated in California, as he was when this action was filed. This Court sits in the Southern District of Mississippi. Therefore, the Court does not have jurisdiction to entertain the merits of Skinner's present Petition under § 2241. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). The Court has reviewed Petitioner's Motions to Amend [5], [6], and they would not alter this Court's determination that

5

the Court does not have jurisdiction in this case. Therefore, the Court need not address these Motions [5] [6].

The Court further declines to construe the Petition as another § 2255 motion because Petitioner has once again failed to demonstrate that the Fifth Circuit has granted him permission to proceed on a successive writ. 28 U.S.C. § 2255(h).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case should be, and hereby is, **DISMISSED WITHOUT PREJUDICE**. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 12th day of December, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE